UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEROME SUEING,

                    Petitioner,                      Case No. 1:10-cv-521

v.                                          Honorable Paul L. Maloney

KEN McKEE,

                    Respondent.

_____/

**ORDER OF TRANSFER**
**TO SIXTH CIRCUIT COURT OF APPEALS**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Petitioner Jerome Sueing presently is serving a prison term of five to eight years, imposed by the

Kent County Circuit Court on January 18, 2006, after a jury convicted him of indecent exposure.

Petitioner has filed two previous habeas corpus petitions in this Court. The first petition was

dismissed without prejudice for lack of exhaustion on October 31, 2008. *See Sueing v. Palmer*,

1:08-cv-932 (W.D. Mich.). The Court dismissed the second petition on November 17, 2009,

because it was barred by the one-year statute of limitations. *See Sueing v. McKee*, 1:09-cv-479

(W.D. Mich.).

      Because Petitioner's previous habeas actions were filed after the enactment of the

Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his

current petition is subject to "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See*

*Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is

filed in the district court, the applicant must move in the court of appeals for an order authorizing

the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).[1] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A dismissal without prejudice for lack of exhaustion does not render a subsequent petition second or successive. However, a dismissal on the basis of the statute of limitations is a decision on the merits, causing a subsequent application to be second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions). Because Petitioner's 2009 habeas action was dismissed as time-barred, the instant petition is second or successive. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

---

[1]When the initial petition was filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.


June 10, 2010                         /s/ Paul L. Maloney
Date                                  Paul L. Maloney
                                      Chief United States District Judge